UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**ROBERT LEE CAMPBELL, JR.**

                                                **CIVIL ACTION NO.**

**VERSUS**

**WILLIAM CHASE CRAIG, GARY EMERALD,
JIM FUNDERBURK AND SHERIFF
JAY RUSSELL**

## COMPLAINT

    1.  This action arises under the Civil Rights Act of 1871 (42 USC 1983 and 1985) as later more fully appears, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 USC 1331 and 1343.

    2.  Plaintiff is a major resident of Ouachita Parish, Louisiana.

    3.  Defendant SHERIFF JAY RUSSELL is the Sheriff of Ouachita Parish, Louisiana and a major resident of Ouachita Parish.

    4.  Defendants WILLIAM CHASE CRAIG, JIM FUNDERBURK and GARY EMERALD are major residents of Ouachita Parish, Louisiana and are deputy sheriffs in the employ of Defendant SHERIFF JAY RUSSELL.

    5.  At all times pertinent hereto, Defendant Sheriff and Deputies, in doing all of the things alleged, acted under color of their authority as such and under color of the statutes, regulations, customs and usages of the State of Louisiana and Parish of Ouachita and for such as the official policy of the Defendant Sheriff's department.

## CAUSE OF ACTION NO. 1

## CIVIL RIGHTS VIOLATIONS

As cause of action against Defendants, and each of them, Plaintiff ROBERT LEE CAMPBELL, JR. alleges:

6. Plaintiff refers to the allegations contained in paragraphs 1 through 5 above and incorporates them by reference as though fully set forth anew.

7. On or about February 21, 2012, in the morning hours, Plaintiff's former wife appeared at Plaintiff's residence near Eros, Louisiana, to move a mobile home located on Plaintiff's land. Pursuant to the agreement of Plaintiff and his former wife, Plaintiff transferred his interest in the mobile home to her and the agreement simply allowed her to move the trailer. The agreement did not allow her to do anything else on Plaintiff's premises other than move the trailer.

8. On approximately two previous occasions, Plaintiff's former wife had appeared and entered the trailer, without authority from Plaintiff and Plaintiff had called the department of Defendant SHERIFF JAY RUSSELL and complained about this trespassing. Defendant's deputies allowed Plaintiff's former wife to get property out of the trailer but would not allow Plaintiff to get his property out of the trailer.

9. When Plaintiff's former wife appeared with the moving company to move the trailer, she brought her father with her and they began to damage the deck of the trailer, which was to remain as Plaintiff's property. Plaintiff therefore called his attorney for advice on what to do and was advised to call the Sheriff's department since they were entitled to move the trailer but not to damage Plaintiff's property which was to remain.

10. Accordingly, Plaintiff called the Ouachita Parish Sheriff's department and requested

assistance. Several deputies arrived, including Defendants CRAIG, FUNDERBURK, AND EMERALD. These deputies informed Plaintiff that there was nothing he could do and he simply had to allow these people on his property.

11. Plaintiff is a frail person who was 26 years old at the time and who weighed approximately 145 pounds and who is disabled from an accident which occurred several years ago and who has to take medication daily. Plaintiff stands five feet six inches tall. These deputies knew that Plaintiff was disabled and had to take medication.

12. When these deputies indicated that they would not help Plaintiff, Plaintiff used his cell phone to call his attorney. Defendant CRAIG and others began to yell at Plaintiff in a very loud voice to put the phone away and when Plaintiff failed to do so, Defendant CRAIG tried to grab Plaintiff's phone and Plaintiff turned away from him. At that time, Plaintiff was attacked by these Defendant deputies, one of whom struck him in the back and they threw Plaintiff to the ground and one of them placed a knee in his back and they demanded that Plaintiff produce his hands so that he could be handcuffed but Plaintiff could not produce his hands because they were pinned underneath him. Defendants tased Plaintiff with tasers, both the kind that stick into the skin and the kind that simply administers a shock. Plaintiff suffered severe injuries as a result of this unwarranted battery and unwarranted attack on his person.

13. Plaintiff shows that he never made any threats to these deputies, never offered any violence to these deputies, and did absolutely nothing to justify this illegal attack and mauling in Plaintiff's own yard. Plaintiff was unarmed and helpless and in no way posed any threat to these officers or to the safety of any other person. These officers, without justification, willfully, maliciously, and intentionally battered Plaintiff and inflicted serious injuries.

3

14. Defendants thereupon illegally searched Plaintiff and took a medication sample bottle from his pocket which contained the medication Tramadol which had been prescribed for Plaintiff due to his internal and brain injuries suffered in the accident in 2002. Plaintiff told the officers he had a prescription for this medicine but was told by them that he had to have the prescription on him or else he was in violation of the law, which is totally false.

15. These deputies then took Plaintiff to jail and charged him with battery on a police officer, resisting arrest, and illegal possession of drugs. Officer CRAIG, despite the fact that he knew Plaintiff had a prescription for this medication, nevertheless wrote up a report that Plaintiff had no prescription which caused Plaintiff's bond to be fixed unreasonably high due to the fact that this totally unwarranted charge is a felony. This charge was later dropped and not pursued.

16. Plaintiff had to spend hours incarcerated in jail until he could make bond and Plaintiff suffered humiliation, embarrassment, and fear and indignity as a result.

17. Plaintiff shows that the above described acts committed by Defendants deprived him of his rights and immunities under the Constitution and laws of the United States and of the State of Louisiana, including, but not limited to his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution be secure in his person from unreasonable search and seizure and to be free from punishment without due process of law and to be free from unlawful arrest. Defendants had absolutely no reason and no probable cause to arrest Plaintiff because Plaintiff committed no crime standing on his own property using his telephone to call his lawyer and these Defendants knew he was calling his lawyer. Furthermore, Plaintiff has the right under Louisiana law to resist an unlawful arrest and Plaintiff committed absolutely no offense whatsoever but was, by these Defendants, under color of State law, illegally arrested, searched,

incarcerated, punished and tortured with tasers.

18. As a direct and proximate result of the above described unlawful and malicious acts of Defendant deputies CRAIG, FUNDERBURK, and EMERALD, all committed under color of State law and their authority as deputy sheriffs and while acting in that capacity Plaintiff ROBERT LEE CAMPBELL, JR. suffered grievous bodily harm and extreme pain, all of which is in violation of his rights under the laws of the Constitution of the United States, in particular the Fourth, Fifth, Eighth, and Fourteenth Amendments and 42 USC 1983.

19. The failure of Defendant SHERIFF JAY RUSSELL to provide appropriate training and supervision regarding the lawful and appropriate use of tasers and regarding when it is proper to arrest and search a person amounts to gross negligence and a deliberate indifference to the safety and lives of the citizens of Ouachita Parish, Louisiana, and this gross negligence was a proximate cause of the injuries of Plaintiff.

20. Plaintiff is therefore entitled to recover from Defendants the following:

   1. General damages in the amount of $100,000.00.
   2. Medical expenses in the amount of $5,301.00.
   3. Punitive damages against Defendants in the amount of $100,000.00.
   4. The reasonable cost and expenses of this action and such other relief as is just, including attorney fees.

WHEREFORE, PLAINTIFF PRAYS that there be judgment herein in favor of Plaintiff ROBERT LEE CAMPBELL, JR. and against Defendants WILLIAM CHASE CRAIG, GARY EMERALD, JIM FUNDERBURK and SHERIFF JAY RUSSELL, in solido, for damages under Federal law in the amount of $205,301.00 together with reasonable costs and expenses of this action and such other relief as is just, including attorney fees.

## CAUSE OF ACTION NO. 2

## STATE LAW CLAIMS

21. Plaintiff realleges paragraphs 1 through 20 and incorporates them here.

22. The physical attack on Plaintiff described above constitutes battery under Louisiana law entitling Plaintiff to recover all such damages as are reasonable in the premises from Defendants for such battery and resulting injuries.

23. The illegal arrest of Plaintiff and illegal detention and incarceration of him for hours is a violation of Louisiana law which allows Plaintiff to recover all such damages as are reasonable in the premises from Defendants.

24. The filing of a felony charge of possession of a drug without a prescription when the Defendants well knew that Plaintiff had a prescription is a violation of Louisiana law and entitles Plaintiff to recover all such damages as are reasonable in the premises from Defendants.

25. Plaintiff is entitled to recover the attorney fees incurred by him for defending these false charges and the amount paid by him for bond, which amount to $4,075.00.

26. The defendant Sheriff JAY RUSSELL is liable for the actions of his deputies under the doctrine of respondeat superior under Louisiana law.

WHEREFORE, PLAINTIFF PRAYS that there be judgment herein in favor of Plaintiff ROBERT LEE CAMPBELL, JR. and against Defendants WILLIAM CHASE CRAIG, GARY EMERALD, JIM FUNDERBURK and SHERIFF JAY RUSSELL in solido, for all such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

<u>s/ C. Daniel Street</u>
C. Daniel Street, T. A.
Bar no. 12530
Street & Street
508 North 31ST Street
Monroe, Louisiana 71201
Telephone (318) 325-4418
Fax (318) 322-7656
c.danielstreet@yahoo.com

ATTORNEYS FOR PLAINTIFF
